USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 10/11/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TIMOTHY ROBBINS and LAUREN ROBBINS,

                Plaintiffs,

    -against-

RYE REAL ESTATE ASSOCIATES, LLC,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

11 Civ. 990 (GAY)

      At all relevant times, James Kingery was the sole owner and President of Rye Ford, Inc., a corporation which owns and operates two car dealerships in Rye, New York: Rye Ford and Rye Subaru. The building in which the Rye Subaru dealership is located (the "Subaru Building") is leased by Rye Ford, Inc. from defendant Rye Real Estate Associates, LLC. Mr. Kingery and his sister owned Rye Real Estate Associates, LLC; Mr. Kingery was the managing member. Pursuant to the terms of the lease agreement (dated June 17, 2004), Rye Ford, Inc. is responsible for all of the care, maintenance and upkeep of the Subaru Building.

      Plaintiffs Timothy Robbins and Lauren Robbins are husband and wife and residents of Fairfield, Connecticut. At all relevant times, Timothy Robbins was employed by Rye Ford, Inc. as a "prep manager" for both dealerships. His primary responsibility was the preparation of new cars for delivery to customers, but he also performed a variety of other tasks (such as snow plowing) and was the "go-to" person for things like clogged toilets and slippery floors.

      On or about October 14, 2010, Mr. Kingery directed plaintiff to clean the gutters of the Subaru building. Plaintiff retrieved an aluminum extension ladder from the lower

garage of Rye Ford and began cleaning the gutters. Plaintiff was about thirty minutes into the task when the ladder tilted; plaintiff fell approximately sixteen to eighteen feet straight down onto a concrete sidewalk. He allegedly suffered severe and permanent injuries to his feet and ankles.

In February 2011, plaintiffs commenced the instant diversity action seeking damages under New York Labor Law § 240(1) for the injury to plaintiff Timothy Robbins and for Lauren Robbins' loss of consortium. Presently before this Court are (1) defendant's motion for summary judgment and (2) plaintiffs' cross-motion for summary judgment as to liability only, both pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"). Upon review of the parties' submissions, the Court determined that oral argument was unnecessary. For the reasons that follow, defendant's motion is denied and plaintiffs' motion is granted.[1]

## I. SUMMARY JUDGMENT STANDARD

Pursuant to FRCP 56(a), summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." See Fed. R. Civ. P. 56(a). When deciding a summary judgment motion, the court must resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion. See LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp., 424 F.3d 195, 205 (2d Cir. 2005). "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." Jeffreys v. City

---

[1] This action is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c).

of New York, 426 F.3d 549, 554 (2d Cir. 2005). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). The question is whether, in light of the evidence, a rational jury could find in favor of the nonmoving party. See Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008). Summary judgment must be denied, therefore, if the court finds "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." See Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).

## II. WORKERS' COMPENSATION LAW

Defendant asserts, as an affirmative defense, that New York Workers' Compensation Law bars plaintiffs' recovery; defendant moves for summary judgment on the same ground. Plaintiff moves to strike said affirmative defense on the ground that defendant was not Mr. Robbins' employer. "A defendant moving for summary judgment based on the exclusivity defense of the Workers' Compensation Law must show, prima facie, that it was the alter ego of the plaintiff's employer." Cappella v. Suresky at Hatfiled Lane, LLC, 55 A.D.3d 522, 523, 864 N.Y.S.2d 316 (2d Dep't 2008). Here, defendant cites Cappella but fails to proffer any evidence that Rye Ford, Inc. "exercised managerial control over the defendant sufficient to establish a prima facie defense under the Workers' Compensation Law." See id. Accordingly, defendant's summary judgment motion based on said affirmative defense is denied, and plaintiffs' motion to strike said affirmative defense is granted.

## III. NEW YORK LABOR LAW §240(1)

Labor Law § 240 provides, in relevant part that:

> All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person employed.

See N.Y. Labor Law § 240(1) (McKinney 2009). "To prevail on a motion for summary judgment on the issue of liability under Section 240, a plaintiff must demonstrate that: (1) the statute has been violated; and (2) the violation was the proximate cause of the plaintiff's injuries." Santoro v. 500 Mamaroneck Ave. Assocs., No. 00 Civ. 4595, 2001 WL 1631401, at *6 (S.D.N.Y. Dec. 19, 2001).

### A. Violation of the Statute

The parties' arguments over whether the statute has been violated focus on the scope of § 240(1). Plaintiffs assert that the activity in which Mr. Robbins was engaged falls squarely within the activity that § 240 was intended to protect. Defendant argues that the statute does not apply because Mr. Robbins was performing routine maintenance unrelated to construction or renovation when he fell off the ladder.

It is undisputed that Mr. Robbins was sixteen to eighteen feet up on a ladder, cleaning the gutters of the Subaru building when he fell. "'[C]leaning' is expressly afforded protection under section 240(1) whether or not incidental to any other enumerated activity." Broggy v. Rockefeller Group, Inc., 8 N.Y.3d 675, 680, 870 N.E.2d 1144, 839 N.Y.S.2d 714 (2007). However, the Court of Appeals seems to have drawn a distinction between domestic residential cleaning, which does not fall under Labor Law §

240, and the cleaning of commercial buildings or structures, which does. See Swiderska v. New York Univ., 10 N.Y.3d 792, 886 N.E.2d 155, 856 N.Y.S.2d 533 (2008); Broggy, 8 N.Y.3d at 680. In the context of the cleaning of a commercial building or structure, "[t]he crucial consideration under section 240(1) is not whether the cleaning is taking place as part of a construction, demolition or repair project[;]" rather, liability under § 240(1) depends on whether the particular cleaning task "creates an elevation-related risk of the kind that the safety devices listed in section 240(1) protect against." See Broggy, 8 N.Y.3d at 681.

The Court of Appeals more recently noted that "it seems every case we have decided involving 'cleaning' as used in Labor Law § 240(1), with a single exception, has involved cleaning the windows of a building." See Dahar v. Holland Ladder & Mfg. Co., 18 N.Y.3d 521, 525, 964 N.E.2d 402, 941 N.Y.S.2d 31 (2012). Said statement, however, was made in the context of rejecting a plaintiff's request to extend the application of § 240 "to reach a factory employee engaged in cleaning a manufactured product." More to the point, although the Court of Appeals in *Dahar* held that an item manufactured in a factory is not a "structure" under § 240, the Court did not otherwise preclude the application of its reasoning in *Broggy* to cases outside the context of commercial window cleaning. See id.

Here, the task at issue–cleaning the gutters of a commercial building–clearly "creates an elevation-related risk of the kind that the safety devices listed in section 240(1) protect against." See Broggy, 8 N.Y.3d at 681. Defendant's argument--that the statute does not apply because Mr. Robbins was performing routine maintenance unrelated to construction or renovation when he fell off the ladder–is untenable under

*Broggy*. Further, plaintiff proffers uncontroverted evidence that the ladder "simply gave out" and that he had not been provided with any other safety devices to secure the ladder or ensure its stability. Accordingly, I conclude that plaintiff has established a prima facie case of a violation of § 240(1), in that the ladder did not provide "proper protection." Defendant's motion for summary judgment is, therefore, denied.

### B. Proximate Cause

"In cases where a plaintiff falls from a ladder at a worksite covered under § 240, if the "protective device" proved inadequate, proximate cause is proved as a matter of law." Garcia v. Delta Air Lines, Inc., No. 98-CV-7259, 2001 WL 91619, at *4 (E.D.N.Y. Jan. 23, 2001). Here, again, plaintiff's account of the accident is uncontroverted; defendant raises no triable issue of fact as to plaintiff's credibility, and does not argue lack of proximate cause in either its summary judgment motion or its opposition to plaintiffs' motion. In sum, plaintiff has provided prima facie proof of a violation of Labor Law § 240(1) and has satisfied his burden of establishing, as a matter of law, that said violation was the proximate cause of his injuries. Accordingly, plaintiffs' motion for partial summary judgment is granted.

## IV. CONCLUSION

For all of the foregoing reasons (1) defendant's motion for summary judgment is DENIED and (2) plaintiffs' motion for summary judgment **on the issue of liability** is **GRANTED**.

Counsel shall appear for a conference on October 26, 2012 at 9:30 a.m. in Courtroom 421.

The Clerk of the Court is respectfully requested to terminate the pending motions (Dkt. #19 and Dkt. #29).

Dated: October 11, 2012
       White Plains, New York

**SO ORDERED:**

_____
GEORGE A. YANTHIS, U.S.M.J.